UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE J. TORRES,

        Petitioner,

        -v-                                        08-CV-0027(MAT)
                                                **ORDER**
DAVID UNGER, Superintendent of W.C.F.,

        Respondent.
_____

## I. Introduction

*Pro se* petitioner George Torres ("petitioner") has filed a timely petition for writ of a habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Erie County Court of two counts of Assault in the Second Degree (N.Y. Penal L. § 120.05(3)), one count of Resisting Arrest (N.Y. Penal L. § 205.30), and one count of Obstructing Governmental Administration in the Second Degree (N.Y. Penal L. § 190.05). Petitioner was convicted following a non-jury trial before Judge Michael F. Pietruszka and subsequently sentenced as a second felony offender to five years imprisonment and five years of post-release supervision. Sentencing Tr. 4-6.

## II. Factual Background and Procedural History

Petitioner's convictions stem from an incident that occurred on the morning of June 6, 2004, wherein Buffalo Police responded to a domestic violence call at a Bogardus Street residence and encountered petitioner, who was intoxicated, combative, and holding his 6-month old child "like a football." After officers were able to take the baby from petitioner, petitioner became belligerent and

would not comply with the officers' requests. The officers attempted to restrain petitioner, but he resisted, refusing to allow the officers to handcuff him. As a result of the struggle, two police officers suffered torn ligaments and injuries to their hands. Trial Tr. 7-11, 15, 58-63, 88-91, 93, 110-112, 114-115, 133, 135, 190-194, 197, 202.

Petitioner, through counsel, raised three points on direct appeal: (1) the assault convictions were based upon insufficient evidence; (2) the obstructing governmental administration and resisting arrest convictions were based on insufficient evidence; and (3) the sentence was harsh and excessive. Resp't Exhibits ("Ex.") B. He also filed a *pro se* supplemental brief, in which he argued that: (1) he was entitled to a Huntley hearing; (2) the indictment consisted of duplicitous counts; and (3) a Brady violation deprived him of a fair trial. See Ex. B. The Appellate Division, Fourth Department, unanimously affirmed the judgment of conviction. See id.; People v. Torres, 38 A.D.3d 1348 (4th Dept. 2007), lv. denied, 9 N.Y.3d 852 (2007).

The instant petition for writ of habeas corpus was filed with this Court on January 11, 2008, wherein petitioner seeks relief on the following grounds: (1) petitioner was deprived of due process because of a Brady violation; (2) petitioner's arrest was not premised on probable cause; (3) petitioner was not advised of his Miranda warnings; and (4) the conviction was not based on legally sufficient evidence. Petition ("Pet.") ¶ 12. (Dkt. #1). The respondent has filed a response and memorandum of law opposing the

petition. (Dkt. ## 7,8). For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A. General Principles Applicable to Federal Habeas Review**

        **1. Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

        **2. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General,

696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

### 3. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly

invokes a state procedural rule as a separate basis for its decision).

**B. Merits of the Petition**

**1. Brady Violation**

Petitioner first contends that a Brady[1] violation by the prosecution deprived him of federal due process. Specifically, petitioner argues that the testimony of Officer Joy Negron, in which she recounted that she had "injured [herself]" during the incident at Bogardus Street, was exculpatory and should have been disclosed by the prosecution. Pet. ¶ 12, Ground One; Trial Tr. 118. Petitioner raised this claim in his *pro se* brief on direct appeal, which was rejected by the Appellate Division as lacking merit. People v. Torres, 38 A.D.3d 1348 (4th Dept. 2007).

To prove a Brady violation, a habeas petitioner must establish that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or could have impeached a prosecution witness; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued from the withholding. Moore v. Illinois, 408 U.S. 786, 794-95 (1972); see also Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Evidence is material only if there is a reasonable probability that disclosure of the evidence to the defense would have changed the result of the proceeding. United States v. Bagley,

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963) (Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution).

473 U.S. 667, 682 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682.

The Court finds that the testimony does not constitute Brady material. Rather, Officer Negron's testimony unambiguously established that she had been injured while trying to subdue the petitioner, who was intoxicated and forcefully resisting the officers' attempt at restraining him. After a thorough review of the trial transcript, it is clear that the officer's statement that she had injured herself referred to a consequence of the struggle with petitioner, and not some unrelated accident. See Trial Tr. 92-119. This information is neither material nor exculpatory, and I find that petitioner's claim is plainly frivolous. Accordingly, the Appellate Division's disposal of this claim was neither contrary to, nor an unreasonable application of Supreme Court precedent as set forth in Brady v. Maryland.

### 2. Probable Cause Claim

Petitioner next contends that officers arrested him without probable cause in violation of his Fourth Amendment right to be free from illegal search and seizure. Pet. ¶ 12, Ground Two. Petitioner has raised this claim for the first time in the instant petition; it is therefore unexhausted. In any event, Fourth Amendment claims are generally precluded from habeas review unless a petitioner can show that the state denied him a full and fair opportunity to litigate that claim. Stone v. Powell, 428 U.S. 465 (1976).

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone, 428 U.S. at 494 (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978) (emphasis added). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

Petitioner cannot argue that the state failed to provide a corrective procedure to redress his Fourth Amendment claim. "The federal courts have approved New York's procedure for litigating Fourth Amendment claims ... as being facially adequate." Holmes v. Scully, 706 F.Supp. 195, 201 (E.D.N.Y. 1989) (citing Gates, 568 F.2d at 837 & n. 4; Shaw v. Scully, 654 F.Supp. 859, 864 (S.D.N.Y. 1987)). Thus, in light of New York's established procedure, see C.P.L. §§ 710.10-710.70, federal habeas review of petitioner's Fourth Amendment claim is not warranted unless petitioner can demonstrate that he was precluded from using the available

procedure due to an unconscionable breakdown in the review process. Shaw, 654 F.Supp. at 864. An "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." Cappiello v. Hoke, 698 F.Supp. 1042, 1050 (E.D.N.Y. 1988), aff'd, 852 F.2d 59 (2d Cir. 1988) (per curiam); accord, Capellan, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown). Petitioner has not alleged that such an unconscionable breakdown occurred. His choice not to avail himself of the opportunity to fully and fairly litigate his probable cause claim in state court is immaterial to the bar set forth by Stone v. Powell. See, e.g., McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983); Nunez v. Duncan, No. 01-CV-4068(JBW), 03-MISC-0066(JBW), 2003 WL 22284182, *10 (E.D.N.Y. Aug. 20, 2003) ("Stone v. Powell bars review of all Fourth Amendment claims so long as the state has provided the petitioner with [an] opportunity for full and fair litigation of the claim. This barrier applies whether or not the petitioner actually had a pretrial hearing on the issue, or whether he failed to avail himself of the opportunity to do so.") (citations omitted).

In sum, there are no grounds upon which petitioner may obtain habeas relief for his Fourth Amendment claim, and the claim is therefore dismissed.

### 3. **Miranda/Huntley Violation**

Petitioner avers that he was not advised of his Miranda[2] rights by police, that his statements to police were involuntary, and that he was entitled to a hearing under People v. Huntley[3]. Pet. ¶ 12, Ground Three.

Petitioner's submissions in this proceeding do not set forth the statements that he contends are constitutionally infirm or the factual circumstances under which the alleged statements were made. See Pet. ¶ 12, Ground Three; Pet'r Mem. of Law, Ground Three; Traverse at 1-5. (Dkt. ## 1, 2, 9). His *pro se* appellate brief provides no further insight into this claim, and, furthermore, it appears that he did not properly raise the Miranda component of his claim to the state courts. See Ex. B. As a result, I find that petitioner's claim is wholly conclusory, and a federal court may not grant habeas relief based upon unsubstantiated conclusions, opinions, or speculation. Wood v. Bartholomew, 516 U.S. 1, 8 (1995) (federal courts should not grant "habeas relief on the basis of little more than speculation with slight support"); see Osinoiki v. Riley, CV-90-2097, 1990 WL 152540, at *2-3 (E.D.N.Y. Sept. 28, 1990) (conclusory statements based on speculation "are inadequate to satisfy petitioner's burden"); Skeete v. People of New York

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966) (in a criminal proceeding, the prosecution may not use statements made by a person in police custody unless certain minimum procedural safeguards are in place).

[3] People v. Huntley, 15 N.Y.2d 72 (1965) (requiring the trial court to conduct hearing to determine voluntariness of a defendant's statements to be used as evidence at trial).

State, No. 03-CV-2903, 2003 WL 22709079, *2 (E.D.N.Y. Nov. 17, 2003) (vague, unsupported allegations of constitutional violations and errors during alien's state trial did not assert a viable habeas claim.).

Because petitioner's argument is based on conclusory assertions for which habeas relief cannot be granted, this claim is dismissed.

### 4. Insufficiency of the Evidence

In his final ground for habeas relief, petitioner contends that the evidence at his trial was legally insufficient to support his conviction. Pet. ¶ 12, Ground Four. The Appellate Division held that petitioner "failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction. In any event, defendant's contention lacks merit. Two police officers testified, inter alia, that defendant injured them while attempting to prevent them from performing a lawful duty." Torres, 38 A.D.3d at 1349 (citing, *inter alia*, People v. Gray, 86 N.Y.2d 10, 19 (1995) (holding that a party seeking to challenge the sufficiency of the evidence must contemporaneously object by making a trial order of dismissal and must "specifically direct[]" his argument at the alleged error to preserve the claim for appellate review)).

Despite the Appellate Division's alternative ruling on the merits, see Harris, 489 U.S. at 264 n.10, the lower court explicitly relied on a state procedural rule to reject petitioner's

legal insufficiency argument. See N.Y. Crim. Proc. L. § 470.05(2) (codifying New York's contemporaneous objection rule). That claim, therefore, is precluded from habeas review pursuant to the adequate and independent state ground doctrine. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's "contemporaneous objection" rule as an adequate and independent state ground barring habeas review); see also Fore v. Ercole, 594 F.Supp.2d 281 (E.D.N.Y. 2009) (finding appellate court's determination that petitioner failed to preserve his sufficiency challenge by making only a general motion to dismiss was an adequate and independent state ground); Walker v. Goord, 427 F.Supp.2d 272 (W.D.N.Y. 2006) (appellate court's rejection of legal insufficiency claim based on New York's contemporaneous objection rule was an adequate and independent state ground barring habeas review).

Petitioner has not alleged cause for the procedural default or prejudice resulting therefrom. Nor has he attempted to make the factual showing of "actual innocence" required to qualify for the "fundamental miscarriage of justice" exception. This claim is therefore dismissed as procedurally barred.

**IV. Conclusion**

For the reasons stated above, George Torres' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of

appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  June 9, 2010
        Rochester, New York